SEBASTIAN WISE *et al.*, appellants, *v.* JOHN CHANEY, appellee.

*Appeal from Madison.*

A. sued B. and others in *assumpsit*, to recover damages sustained, in consequence of being prevented by the defendants from performing a special verbal contract to furnish materials and perform labor. He alleged in his declaration a partial performance on his part, and that he was prevented by the defendants from completing the contract. The testimony adduced by the plaintiff tended to prove his case, with the exception of the allegation that he was prevented by the defendants from completing the contract. The jury rendered a verdict in his favor, and the defendants moved for a new trial, which motion was overruled by the Court: *Held*, that the averment of plaintiff, that he was prevented by defendants from performing his part of the contract, was a material averment, and that, without proof thereof, he was not entitled to recover, and that the Court should have granted a new trial.

ASSUMPSIT, in the Madison Circuit Court, brought by the appellee against the appellants. The cause was heard before the Hon. James Shields and a jury, at the October term 1844, when a verdict was rendered in favor of the plaintiff below for $300. Judgment on the verdict.

The case is sufficiently stated in the Opinion of the Court.

*W. Martin*, for the appellants :

I. There is a variance between the contract declared on in this case, and that proved at the trial. This vitiates the verdict. *Crawford* v. *Morrell*, 8 Johns. 253; *Robertson* v. *Lynch*, 18 do. 451; *Perry* v. *Porter*, 2 East. 2; *Mastin* v. *Toncray*, 2 Scam. 216; *Benden* v. *Manning*, 2 New Hamp. 289; *Buckley* v. *Stanley*, 5 Blackf. 162.

II. In an action on a joint contract against several, a joint liability or undertaking must be proved; proof that part

of the defendants contracted will not sustain a verdict against any of the defendants. Here there was no proof of a joint liability. *Tolman* v. *Spaulding*, 3 Scam. 13.

III. A committee, who from the facts in the case, appears to act for others, and that fact is known at the time to the plaintiff, is not liable on contracts made for the benefit of those it represents, but the principal and not the agent must be sued. 1 Chitty's Pleading, 39; *Dubois* v. *The Delaware and Hudson Canal Co.*, 4 Wend, 285; *Rathbon* v. *Budlong*, 15 Johns. 1; *Randall* v. *Van Vechten*, 19 do. 60; *Simonds* v. *Heard*, 23 Pick. 120.

IV. In computing damages for a breach of contract, the true rule is to give the injured party such damages as he has actually sustained. Anticipated profits to be realized on a performance of such contract are not to be estimated by the jury. Su chprofits were allowed in this case. *Barnard* v. *Poor*, 21 Pick. 378; *Shannon* v. *Comstock*, 21 Wend. 461; *Heckscher* v. *McCrea*, 24 do. 304; *Seeley* v. *The State of Ohio*, 11 Ohio, 508; *Ellett* v. *Todd*, 2 Scam. 214, 215; *Osborne* v. *Lawrence*, 9 Wend. 135.

V. The contract sued on gave the defendants a right to proceed at pleasure with the work. No suit can be sustained by plaintiff, without averring and proving that he was turned off the work by defendants, and that they procured others to perform it.

*N. D. Strong*, for the appellee :

Any variance between the proof and the allegations should have been objected to on the trial in the Court below; not having done so, the appellants cannot now raise the objection.

The presumption of law is, that the verdict of the jury was correct, and the appellants must show affirmatively that it was *without*, or *against* evidence, otherwise this Court will not disturb the verdict.

The Opinion of the Court was delivered by

TREAT J. This was an action of *assumpsit*, brought by Chaney against Sebastian Wise and others.

The declaration counts on an agreement made between the parties, by the terms of which the plaintiff was to furnish certain materials, and do the carpenter's work of a church, for which the defendants were to pay him at specified rates. It then alleges a part performance on the part of the plaintiff, and concludes with an averment, that the plaintiff was prevented by the defendants from completing the contract, whereby he has sustained damages.

The defendants pleaded *non assumpsit,* and a special plea of payment.

The cause was tried by a jury, who found a verdict for the plaintiff for three hundred dollars. The defendants entered a motion for a new trial. The Court denied the motion, and rendered a judgment on the verdict. To reverse that judgment, the defendants prosecute an appeal to this Court.

The refusal of the Circuit Court to grant a new trial is assigned for error. There is a bill of exceptions containing all of the evidence introduced on the trial. The testimony is voluminous, and will not be here stated. It has been attentively considered. It is sufficient to remark concerning it, that it tends to prove the plaintiff's case, with the exception of the allegation, that he was prevented by the defendants from completing the contract. There is a total failure in this particular. By his declaration, the plaintiff does not claim to recover for materials furnished, or labor done in pursuance of the contract ; but he seeks to recover the damage he has sustained, in consequence of not being permitted to perform the contract. The act of the defendants, in preventing the plaintiff from going on with the contract, is the foundation of the action. The averment in question is therefore a material one, without proof of which, the plaintiff has no right to recover. Failing to sustain this averment, the verdict of the jury was unauthorized, and the Court ought to have set it aside and awarded a new trial.

The judgment of the Circuit Court is reversed, with costs, and the cause remanded for further proceedings.

*Judgment reversed.*